DANIEL M. PETROCELLI  (S.B. #97802)
dpetrocelli@omm.com
DAVID MARROSO  (S.B. #211655)
dmarroso@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California  90067-6035
Telephone:   (310) 553-6700
Facsimile:    (310) 246-6779

*Attorneys for Plaintiff Global Music Rights, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL MUSIC RIGHTS, LLC, | CASE NO. 2:16-cv-09051 TJH (ASx) |
| Plaintiff, | |
| v. | **THE PARTIES' JOINT STATUS REPORT** |
| RADIO MUSIC LICENSE COMMITTEE, INC. and DOES 1 through 3,000, | |
| Defendant. | |

1    Pursuant to Judge Beverly Reid O'Connell's Order (Dkt. 40), Plaintiff

2    Global Music Rights, LLC ("GMR") and Defendant Radio Music License

3    Committee, Inc. ("RMLC") respectfully submit the following further status update

4    regarding the Parties' pending litigation in the Eastern District of Pennsylvania

5    before Judge C. Darnell Jones II.  GMR and RMLC previously filed joint status

6    reports in this Court on May 5, 2017 (Dkt. 41), June 5, 2017 (Dkt.42), July 5, 2017

7    (Dkt. 43), August 4, 2017 (Dkt. 44), September 5, 2017 (Dkt. 46), October 5, 2017

8    (Dkt. 47), November 6, 2017 (Dkt. 48), December 6, 2017 (Dkt. 50), January 5,

9    2018 (Dkt. 52), February 5, 2018 (Dkt. 53), March 7, 2018 (Dkt. 55), April 6, 2018

10   (Dkt. 56), May 7, 2018 (Dkt. 58), June 6, 2018 (Dkt. 62), July 6, 2018 (Dkt. 63),

11   August 6, 2018 (Dkt. 64), and October 5, 2018 (Dkt. 65).  On March 3, 2017,

12   GMR filed a Motion to Strike Specified Allegations in RMLC's First Amended

13   Complaint (E.D. Pa. Dkt. 56), a Motion to Dismiss RMLC's First Amended

14   Complaint for Lack of Personal Jurisdiction and Improper Venue or to Transfer

15   Venue (E.D. Pa. Dkt. 57), and a Motion to Dismiss for Failure to State a Claim

16   Upon Which Relief may be Granted (E.D. Pa. Dkt. 58).  On March 24, 2017,

17   RMLC filed oppositions to these motions (E.D. Pa. Dkt. 62, 63, and 66), and on

18   April 7, 2017, GMR filed replies in support of the motions (E.D. Pa. Dkt. 69, 70,

19   and 71).

20   On July 21, 2017, RMLC filed a Motion for a Preliminary Injunction (E.D.

21   Pa. Dkt. 85, 86, 87).  On August 1, 2017, Judge Jones referred GMR's Motion to

22   Dismiss for Lack of Personal Jurisdiction and Improper Venue or to Transfer

23   Venue to Magistrate Judge Lynne A. Sitarski for a report and recommendation

24   (E.D. Pa. Dkt. 88).  On August 14, 2017, RMLC filed a Motion for Leave to File a

25   Supplemental Memorandum in Opposition to [GMR's] Motion to Dismiss for

26   Lack of Personal Jurisdiction and Improper Venue or to Transfer Venue (E.D. Pa.

27   Dkt. 90).  On August 28, 2017, GMR filed its Opposition to RMLC's Motion for

28

THE PARTIES' JOINT STATUS REPORT,
Case No. 2:16-cv-09051-TJH (ASx)

1    Leave (E.D. Pa. Dkt. 92).  On November 28, 2017, Judge Jones referred RMLC's

2    Motion for Leave to Magistrate Judge Sitarski for a report and recommendation

3    (E.D. Pa. Dkt. 99).

4         On November 29, 2017, Magistrate Judge Sitarski issued her Report and

5    Recommendation recommending that Judge Jones grant GMR's Motion to Dismiss

6    for Lack of Personal Jurisdiction and Improper Venue or to Transfer Venue and

7    deny RMLC's Motion for Leave to File a Supplemental Memorandum (E.D. Pa.

8    Dkt. 100).  On December 13, 2017, RMLC filed objections to Magistrate Judge

9    Sitarski's Report and Recommendation.  (E.D. Pa. Dkt. 101).  On December 27,

10   2017, GMR filed responses to those objections, (E.D. Pa. Dkt. 103), and on

11   January 5, 2018, RMLC filed for leave to reply, (E.D. Pa. Dkt. 104), which was

12   granted (E.D. Pa. Dkt. 105).  As of this date, Judge Jones has not issued a ruling

13   regarding Magistrate Judge Sitarski's Report and Recommendation.

14        On April 2, 2018, GMR filed a request for a telephonic status conference

15   with Judge Jones regarding the status of the RMLC's pending objections to

16   Magistrate Judge Sitarski's Report and Recommendation.  (E.D. Pa. Dkt. 107).  On

17   April 20, 2018, counsel for GMR and RMLC participated in a telephonic status

18   conference.  During the telephonic status conference, Judge Jones's law clerk

19   informed the parties that an unidentified conflict had developed within Judge

20   Jones's Chambers and, due to a staffing transition, the court could not say when a

21   ruling on RMLC's objections was expected.  Judge Jones's law clerk further stated

22   that she was confident the court would not issue a ruling before June 2018.

23        On May 3, 2018, GMR filed a motion to lift the stay in this action.  (Dkt.

24   57).  On May 14, 2018, RMLC filed an opposition to GMR's motion to lift the

25   stay, (Dkt. 60), and on May 23, 2018, GMR filed a reply, (Dkt. 61).  On August

26   14, 2018, the Court denied GMR's motion to lift the stay.  (Dkt. 65).

27        On September 24, 2018, GMR filed a motion for a telephonic status

28

THE PARTIES' JOINT STATUS REPORT,
Case No. 2:16-cv-09051-TJH (ASx)

conference in the Pennsylvania Action.  (E.D. Pa. Dkt. 109).  As of this date, Judge Jones has not ruled on GMR's motion for a telephonic status conference or held a telephonic status conference with the parties.

### RMLC's Third-Party Subpoena to GMR

**GMR's Position**

On November 1, 2018, RMLC served a subpoena on GMR in connection with *Radio Music License Committee, Inc. v. Broadcast Music, Inc.*, Case No. 18-cv-4420 (LLS) (S.D.N.Y.), the RMLC's pending rate court proceeding against Broadcast Music, Inc. ("BMI") in the Southern District of New York.  In its subpoena to GMR, RMLC seeks a host of confidential and proprietary documents.  For example, RMLC requests *all* of GMR's agreements with songwriters, *all* documents and communications regarding the negotiation of those agreements, and *all* documents regarding broadcast radio stations efforts to avoid playing works in the GMR catalog, *i.e.*, all documents demonstrating radio stations' boycott of GMR, which is a central allegation in this action.  The documents requested by RMLC have no relevance to its rate court proceeding, the purpose of which is to determine a reasonable rate for a license between RMLC and a different performance rights organization, BMI.  Rather, these documents are relevant to issues in this action and the RMLC's action against GMR in Pennsylvania.  RMLC's subpoena is thus a thinly veiled attempt to obtain early and one-sided discovery from GMR while this case remains stayed.

**RMLC's Position**

GMR's characterizations of the third-party subpoena that RMLC served on GMR in connection with an entirely different legal proceeding—a proceeding in which GMR has already agreed to produce documents—are inaccurate and misleading.

On May 17, 2018, RMLC filed a petition in the Southern District of New York

THE PARTIES' JOINT STATUS REPORT,
Case No. 2:16-cv-09051-TJH (ASx)

seeking a determination of reasonable fees for a license to publicly perform the contents of a repertory of a different performing rights organization, Broadcast Music, Inc. ("BMI"). *RMLC v. BMI*, 1:18-cv-04420-LLS (S.D.N.Y. May 17, 2018), ECF No. 1.  RMLC filed this petition pursuant to the terms of a long-standing antitrust consent decree that confers jurisdiction on the Southern District of New York to determine reasonable rates when BMI and a prospective licensee cannot agree on a rate.  In connection with that proceeding, GMR and BMI have already agreed that GMR will be producing documents responsive to BMI's requests.

RMLC agrees that, for a variety of reasons, GMR's licenses with RMLC radio station members *should* be irrelevant to this BMI rate setting proceeding, but BMI does not ascribe to this view.  To the contrary, BMI (not RMLC) has chosen to put GMR's license agreements (both final and interim agreements) squarely at issue. Specifically, BMI is arguing that the prices of GMR's licenses with RMLC members should serve as "benchmarks" for setting an appropriate price for a BMI license because the GMR licenses supposedly reflect "free market" prices of willing buyers and willing sellers.[1]  That is false.  GMR's licenses do not reflect "free market" prices at all; rather, they are the product of GMR's unlawful exercise of monopoly power.  *See In re Pandora Media, Inc.*, 6. F. Supp. 3d 317, 357 (S.D.N.Y. 2014) (rejecting proposed benchmarks because licensors "exercised their considerable market power to extract supra-competitive prices" from licensee).  RMLC's third-party subpoena to GMR simply seeks to discover relevant evidence that RMLC intends to use to refute BMI's claim that GMR's licenses are appropriate benchmarks.  Thus, GMR's assertion that the "documents requested by RMLC have no relevance to its rate proceeding" is simply wrong.

As for GMR's baseless allegation that RMLC is attempting "to obtain early

---

[1]    *See* Resp. of BMI to Pet. ¶ 29, *RMLC v. BMI*, 1:18-cv-04420-LLS (S.D.N.Y. May 29, 2018), ECF No. 13.

and one-sided discovery from GMR while this case remains stayed," GMR has already agreed with BMI to produce documents.  Order Denying GMR's Mot. to Lift Stay at 3, ECF No. 65.  RMLC has made the unremarkable decision to make sure the factual record is not one-sided in its litigation with BMI.   And moreover, this Court already addressed GMR's concern when it ordered GMR to direct any complaints about the discovery process to the Eastern District of Pennsylvania.  *Id.* GMR has not done so.

Dated:  November 5, 2018                     Respectfully submitted,

                                             /s/ Daniel M. Petrocelli
                                             O'MELVENY & MYERS LLP
                                             *Counsel for Global Music Rights, LLC.*
                                             By Daniel M. Petrocelli

Dated:  November 5, 2018                     /s/ Alfred Pfeiffer
                                             LATHAM & WATKINS LLP
                                             *Counsel for Radio Music License Committee, Inc.*
                                             By Alfred Pfeiffer

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ATTESTATION

Pursuant to C.D. Cal. Local Rule 5-4.3.4(a)(2)(i), I, Daniel M. Petrocelli, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized such filing.

/s/ *Daniel M. Petrocelli* _____
Daniel M. Petrocelli