DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
DAVID MARROSO (S.B. #211655)
dmarroso@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

*Attorneys for Plaintiff Global Music Rights, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL MUSIC RIGHTS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RADIO MUSIC LICENSE COMMITTEE, INC. and DOES 1 through 3,000,<br><br>　　　　　Defendant. | CASE NO. 2:16-cv-09051 TJH (ASx)<br><br>**THE PARTIES' JOINT STATUS REPORT** |

1    Pursuant to Judge Beverly Reid O'Connell's Order (Dkt. 40), Plaintiff
2  Global Music Rights, LLC ("GMR") and Defendant Radio Music License
3  Committee, Inc. ("RMLC") respectfully submit the following further status update
4  regarding the Parties' pending litigation in the Eastern District of Pennsylvania
5  before Judge C. Darnell Jones II.  GMR and RMLC previously filed joint status
6  reports in this Court on May 5, 2017 (Dkt. 41), June 5, 2017 (Dkt.42), July 5, 2017
7  (Dkt. 43), August 4, 2017 (Dkt. 44), September 5, 2017 (Dkt. 46), October 5, 2017
8  (Dkt. 47), November 6, 2017 (Dkt. 48), December 6, 2017 (Dkt. 50), January 5,
9  2018 (Dkt. 52), February 5, 2018 (Dkt. 53), March 7, 2018 (Dkt. 55), April 6, 2018
10 (Dkt. 56), May 7, 2018 (Dkt. 58), June 6, 2018 (Dkt. 62), July 6, 2018 (Dkt. 63),
11 August 6, 2018 (Dkt. 64), October 5, 2018 (Dkt. 65), November 5, 2018 (Dkt. 66),
12 and December 5, 2018 (Dkt. 69).  On March 3, 2017, GMR filed a Motion to
13 Strike Specified Allegations in RMLC's First Amended Complaint (E.D. Pa. Dkt.
14 56), a Motion to Dismiss RMLC's First Amended Complaint for Lack of Personal
15 Jurisdiction and Improper Venue or to Transfer Venue (E.D. Pa. Dkt. 57), and a
16 Motion to Dismiss for Failure to State a Claim Upon Which Relief may be Granted
17 (E.D. Pa. Dkt. 58).  On March 24, 2017, RMLC filed oppositions to these motions
18 (E.D. Pa. Dkt. 62, 63, and 66), and on April 7, 2017, GMR filed replies in support
19 of the motions (E.D. Pa. Dkt. 69, 70, and 71).
20    On July 21, 2017, RMLC filed a Motion for a Preliminary Injunction (E.D.
21 Pa. Dkt. 85, 86, 87).  On August 1, 2017, Judge Jones referred GMR's Motion to
22 Dismiss for Lack of Personal Jurisdiction and Improper Venue or to Transfer
23 Venue to Magistrate Judge Lynne A. Sitarski for a report and recommendation
24 (E.D. Pa. Dkt. 88).  On August 14, 2017, RMLC filed a Motion for Leave to File a
25 Supplemental Memorandum in Opposition to [GMR's] Motion to Dismiss for
26 Lack of Personal Jurisdiction and Improper Venue or to Transfer Venue (E.D. Pa.
27 Dkt. 90).  On August 28, 2017, GMR filed its Opposition to RMLC's Motion for
28

Leave (E.D. Pa. Dkt. 92). On November 28, 2017, Judge Jones referred RMLC's Motion for Leave to Magistrate Judge Sitarski for a report and recommendation (E.D. Pa. Dkt. 99).

On November 29, 2017, Magistrate Judge Sitarski issued her Report and Recommendation recommending that Judge Jones grant GMR's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or to Transfer Venue and deny RMLC's Motion for Leave to File a Supplemental Memorandum (E.D. Pa. Dkt. 100). On December 13, 2017, RMLC filed objections to Magistrate Judge Sitarski's Report and Recommendation. (E.D. Pa. Dkt. 101). On December 27, 2017, GMR filed responses to those objections, (E.D. Pa. Dkt. 103), and on January 5, 2018, RMLC filed for leave to reply, (E.D. Pa. Dkt. 104), which was granted (E.D. Pa. Dkt. 105). As of this date, Judge Jones has not issued a ruling regarding Magistrate Judge Sitarski's Report and Recommendation.

On April 2, 2018, GMR filed a request for a telephonic status conference with Judge Jones regarding the status of the RMLC's pending objections to Magistrate Judge Sitarski's Report and Recommendation. (E.D. Pa. Dkt. 107). On April 20, 2018, counsel for GMR and RMLC participated in a telephonic status conference. During the telephonic status conference, Judge Jones's law clerk informed the parties that an unidentified conflict had developed within Judge Jones's Chambers and, due to a staffing transition, the court could not say when a ruling on RMLC's objections was expected. Judge Jones's law clerk further stated that she was confident the court would not issue a ruling before June 2018.

On May 3, 2018, GMR filed a motion to lift the stay in this action. (Dkt. 57). On May 14, 2018, RMLC filed an opposition to GMR's motion to lift the stay, (Dkt. 60), and on May 23, 2018, GMR filed a reply, (Dkt. 61). On August 14, 2018, the Court denied GMR's motion to lift the stay. (Dkt. 65).

On September 24, 2018, GMR filed a motion for a telephonic status

conference in the Pennsylvania Action.  (E.D. Pa. Dkt. 109).  On January 2, 2019, in light of the third party subpoena RMLC recently served on GMR (discussed below), GMR filed another motion for a telephonic status conference or status report.  (E.D. Pa. Dkt. 110).  On January 4, 2019, RMLC filed a response to GMR's motion.  (E.D. Pa. Dkt. 112).  As of this date, Judge Jones has not ruled on GMR's motion for a telephonic status conference or held a telephonic status conference with the parties.

## RMLC's Third Party Subpoena to GMR

**GMR's Position**

On November 1, 2018, RMLC served a subpoena on GMR in connection with *Radio Music License Committee, Inc. v. Broadcast Music, Inc.*, Case No. 18-cv-4420 (LLS) (S.D.N.Y.), the RMLC's pending rate court proceeding against Broadcast Music, Inc. ("BMI") in the Southern District of New York.  In its subpoena to GMR, RMLC seeks a host of confidential and proprietary documents.  For example, RMLC requests **all** of GMR's agreements with songwriters, **all** documents and communications regarding the negotiation of those agreements, and **all** documents regarding broadcast radio stations efforts to avoid playing works in the GMR catalog, *i.e.*, all documents demonstrating radio stations' boycott of GMR, which is a central allegation in this action.  The documents requested by RMLC have no relevance to its rate court proceeding, the purpose of which is to determine a reasonable rate for a license between RMLC and a different performance rights organization, BMI.  Rather, these documents are relevant to issues in this action and the RMLC's action against GMR in Pennsylvania.  RMLC's subpoena is thus a thinly veiled attempt to obtain early and one-sided discovery from GMR while this case remains stayed.

On November 15, 2018, GMR served objections to RMLC's subpoena and sent RMLC a letter, pursuant to Central District of California Local Rule 37-1,

informing RMLC that it intended to move to quash RMLC's subpoena and requesting to meet and confer with RMLC's counsel. On November 20, 2018, counsel for GMR and RMLC met and conferred regarding GMR's anticipated motion to quash. On November 30, 2018, as required by Central District of California Local Rule 37-2, GMR sent RMLC its portion of a joint stipulation regarding a motion to quash RMLC's subpoena.

On December 10, 2018, GMR filed the parties' joint stipulation regarding GMR's motion to quash, which was transferred to this Court's docket pursuant to General Order 16-05, because it is related to this action. (*See Global Music Rights, LLC v. Radio Music License Committee, Inc.*, No. 2:18-mc-00170-TJH-AS (C.D. Cal.), Dkts. 1, 12). In its portion of the joint stipulation, RMLC argues that GMR's motion to quash should be transferred to the Southern District of New York; GMR opposes this request. On December 21, 2018, the parties each filed a supplemental memorandum, pursuant to Central District of California Local Rule 37-2.3. A hearing on GMR's motion to quash and RMLC's request to transfer is set for January 8, 2019 before Magistrate Judge Alka Sagar.

Meanwhile, RMLC has served two additional third party subpoenas in connection with its pending rate court proceeding against BMI: (1) On December 4, 2018, RMLC served a subpoena on GMR for a Rule 30(b)(6) deposition of a corporate designee to testify on a broad range of topics going to the heart of the parties' antitrust actions in California and Pennsylvania; and (2) on December 6, 2018, RMLC served a subpoena for the deposition of Irving Azoff, the founder of GMR.

**RMLC's Position**

This is the third month in a row that GMR has injected into this status report inaccurate and misleading characterizations of RMLC's third-party discovery efforts in connection with a separate proceeding in the Southern District of New York. The

Honorable Judge O'Connell established this monthly reporting process to eliminate the "duplicative and judicially inefficient" situation GMR created by asking multiple courts to resolve "substantially similar" claims. Minute Order at 11 (Dkt. 40). But rather than reduce duplication, GMR attempts to multiply controversies by converting this report into a running account of its grievances in other jurisdictions, instead of a simple description of "the status **of the Pennsylvania action**," as Judge O'Connell ordered. *Id.* at 13 (emphasis added). Less than a year ago, this Court reminded GMR of the limits of this report, *see* Order (Dkt. 54) ("The Court cannot grant affirmative relief based on a party's request in a status report."), but GMR has again wandered far astray from this report's intent and proper purpose.

Because RMLC may not permit GMR to convert this status report into a forum for unrebutted misrepresentations, RMLC again repeats here its November 5, 2018 (Dkt. 68), and December 5, 2018 (Dkt. 69) response regarding the standard course of third-party practice proceeding in the separate litigation in the Southern District of New York:

GMR's characterizations of the third-party subpoena that RMLC served on GMR in connection with an entirely different legal proceeding—a proceeding in which GMR has already agreed to produce documents—are inaccurate and misleading.

On May 17, 2018, RMLC filed a petition in the Southern District of New York seeking a determination of reasonable fees for a license to publicly perform the contents of a repertory of a different performing rights organization, Broadcast Music, Inc. ("BMI"). *RMLC v. BMI*, 1:18-cv-04420-LLS (S.D.N.Y. May 17, 2018) (Dkt. 1). RMLC filed this petition pursuant to the terms of a long-standing antitrust consent decree that confers jurisdiction on the Southern District of New York to determine reasonable rates when BMI and a prospective licensee cannot agree on a rate. In connection with that proceeding, GMR and BMI have already agreed that

GMR will be producing documents responsive to BMI's requests.

RMLC agrees that, for a variety of reasons, GMR's licenses with RMLC radio station members *should* be irrelevant to this BMI rate setting proceeding, but BMI does not ascribe to this view.  To the contrary, BMI (not RMLC) has chosen to put GMR's license agreements (both final and interim agreements) squarely at issue. Specifically, BMI is arguing that the prices of GMR's licenses with RMLC members should serve as "benchmarks" for setting an appropriate price for a BMI license because the GMR licenses supposedly reflect "free market" prices of willing buyers and willing sellers.[1]  That is false.  GMR's licenses do not reflect "free market" prices at all; rather, they are the product of GMR's unlawful exercise of monopoly power.  *See In re Pandora Media, Inc.*, 6 F. Supp. 3d 317, 357 (S.D.N.Y. 2014) (rejecting proposed benchmarks because licensors "exercised their considerable market power to extract supra-competitive prices" from licensee).  RMLC's third-party subpoena to GMR simply seeks to discover relevant evidence that RMLC intends to use to refute BMI's claim that GMR's licenses are appropriate benchmarks.  Thus, GMR's assertion that the "documents requested by RMLC have no relevance to its rate proceeding" is simply wrong.

As for GMR's baseless allegation that RMLC is attempting "to obtain early and one-sided discovery from GMR while this case remains stayed," GMR has already agreed with BMI to produce documents.  RMLC has made the unremarkable decision to make sure the factual record is not one-sided in its litigation with BMI. And any discovery obtained from GMR will be subject to a protective order.  That protective order includes the ability to restrict documents to outside counsel only and permits the use of produced documents only in that matter.  Finally, this Court has already addressed GMR's concerns when it ordered GMR to direct any

---

[1]   *See* Resp. of BMI to Pet. ¶ 29, *RMLC v. BMI*, 1:18-cv-04420-LLS (S.D.N.Y. May 29, 2018) (Dkt. 13).

complaints about the discovery process to the Eastern District of Pennsylvania. Order Denying GMR's Mot. to Lift Stay at 3 (Dkt. 65).

Dated: January 4, 2019

Respectfully submitted,

/s/ Daniel M. Petrocelli
O'MELVENY & MYERS LLP
*Counsel for Global Music Rights, LLC.*
By Daniel M. Petrocelli

Dated: January 4, 2019

/s/ Alfred Pfeiffer
LATHAM & WATKINS LLP
*Counsel for Radio Music License Committee, Inc.*
By Alfred Pfeiffer

## ATTESTATION

Pursuant to C.D. Cal. Local Rule 5-4.3.4(a)(2)(i), I, Daniel M. Petrocelli, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized such filing.

/s/ *Daniel M. Petrocelli*
Daniel M. Petrocelli