| | |
|---|---|
| 1 | DANIEL M. PETROCELLI (S.B. #97802) |
| | dpetrocelli@omm.com |
| 2 | DAVID MARROSO (S.B. #211655) |
| | dmarroso@omm.com |
| 3 | STEPHEN J. MCINTYRE (S.B. #274481) |
| | smcintyre@omm.com |
| 4 | O'MELVENY & MYERS LLP |
| 5 | 1999 Avenue of the Stars |
| | Los Angeles, California 90067 |
| 6 | Telephone: (310) 553-6700 |
| | Facsimile: (310) 246-6779 |
| 7 | |
| 8 | KATRINA ROBSON (S.B. #229835) |
| | krobson@omm.com |
| 9 | O'MELVENY & MYERS LLP |
| | 1625 Eye Street, NW |
| 10 | Washington, DC 20006 |
| | Telephone: (202) 383-5300 |
| 11 | Facsimile: (202) 383-5414 |

*Attorneys for Plaintiff Global Music Rights, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GLOBAL MUSIC RIGHTS, LLC, | Case No. 2:16-cv-09051-TJH (ASx) |
| Plaintiff, | 2:19-cv-03957-TJH(ASx) |
| v. | |
| | **PROTECTIVE ORDER** |
| RADIO MUSIC LICENSE COMMITTEE, INC. and DOES 1 through 3,000, | **[DISCOVERY MATTER]** |
| Defendant. | Judge: Hon. Terry J. Hatter Magistrate |
| *and* | Judge: Hon. Alka Sagar |
| RADIO MUSIC LICENSE COMMITTEE, INC., | |
| Plaintiff, | |
| v. | |
| GLOBAL MUSIC RIGHTS, LLC, | |
| Defendant. | |

# I. INTRODUCTION

## A. PURPOSES AND LIMITATIONS

Discovery in these Actions is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section XII.C, below, that this Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file materials under seal.

## B. GOOD CAUSE STATEMENT

These Actions are likely to involve confidential and competitively sensitive business information relating to the licensing of copyrighted works, including but not limited to customer and pricing lists, market research, business strategy, non-public commercial agreements (including information implicating privacy rights of third parties), and other financial, technical, trade secret and proprietary information, and/or information that is generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. In the absence of a protective order, the Parties would be irreparably harmed; a receiving party in possession of such non-public information would attain an unfair business advantage over the producing party. Moreover, many of the documents that are likely to be at issue in these

2

Actions are subject to stringent confidentiality agreements with third parties. Thus, a protective order is necessary to protect the confidentiality interests of numerous nonparties. Accordingly, to expedite the flow of information, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the parties are entitled to keep confidential, ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## II. DEFINITIONS

A. "Actions" means *Global Music Rights, LLC v. Radio Music License Committee, Inc.*, No. 2:16-cv-09051-TJH-AS and *Radio Music License Committee, Inc. v. Global Music Rights, LLC*, No. 2:19-cv-03957-TJH-AS.

B. "Challenging Party" means a Party or Non-Party that challenges the designation applied to any Disclosure or Discovery Material under this Order.

C. "CONFIDENTIAL" is a designation that may be applied to any Disclosure or Discovery Material to denote that it is Confidential Information. Information designated as "CONFIDENTIAL" may be used and communicated only as provided in this Protective Order.

D. "Confidential Information" is any Disclosure or Discovery Material that qualifies for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. Confidential Information must be marked with the "CONFIDENTIAL" designation according to the terms of this Order.

E. "Counsel" means Outside Counsel and In-House Counsel as well as the support staff of each.

F. "Designating Party" means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "OUTSIDE COUNSELS' EYES ONLY."

G. "Disclosure or Discovery Material" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated by any Designating Party in disclosures or responses to discovery or subpoenas in this matter.

H. "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a non-testifying consultant in the Actions. "Expert" includes all supporting personnel and clerical staff working under the direction and supervision of the expert or consultant.

I. "OUTSIDE COUNSELS' EYES ONLY" is a designation that may be applied to any Disclosure or Discovery Material to denote that it is Outside Counsels' Eyes Only Information. Information designated as "OUTSIDE COUNSELS' EYES ONLY" may be used and communicated only as provided in this Protective Order.

K. "Outside Counsels' Eyes Only Information" is any Disclosure or Discovery Material that contains highly sensitive business information of current or prospective significance and for which production on a confidential basis, even to In-House Counsel, would create a substantial risk of serious harm to the Designating Party that could not be avoided by less restrictive means.

L. "In-House Counsel" means an attorney who is an employee of a Party and whose responsibilities consist of performing legal services for such Party.

4

PROTECTIVE ORDER
Case Nos. 2:19-CV-09051-THJ-AS;
2:19-CV-03597-TJH-AS

M. "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

N. "Outside Counsel" means outside counsel for each Party who are not employees of a party to these Actions but are retained to represent or advise a party to these Actions and have appeared in these Actions as of the date of this stipulation on behalf of that party, including all attorneys, staff, and clerical and support personnel of that outside counsel's law firm.

O. "Party" means any named party to these Actions, including all of its directors, officers, or employees (or the functional equivalent).

P. "Producing Party" means any Party or Non-Party that produces Disclosure or Discovery Material in these Actions.

Q. "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

R. "Privilege" or "Privileged" refers to the attorney-client privilege, attorney work-product doctrine, or any other claim of privilege to justify withholding otherwise discoverable information.

S. "Protected Material" means any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "OUTSIDE COUNSELS' EYES ONLY."

T. "Receiving Party" means a Party that receives Disclosure or Discovery Material from a Producing Party.

## III. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

5

PROTECTIVE ORDER
Case Nos. 2:19-CV-09051-THJ-AS;
2:19-CV-03597-TJH-AS

presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.

## IV. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. "Final Disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in these Actions with prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of these Actions, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## V. DESIGNATING PROTECTED MATERIAL

**A. Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those materials, documents, items, or oral or written communications that qualify so that other materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited (with the exception of Third-Party designations, as noted below). Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or

6

PROTECTIVE ORDER
Case Nos. 2:19-CV-09051-THJ-AS;
2:19-CV-03597-TJH-AS

items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

   B.   **Manner and Timing of Designations.**  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

   Designation in conformity with this Order requires:

      1.   <u>For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings)</u>: that the Producing Party affix at a minimum, the legend "CONFIDENTIAL," or "OUTSIDE COUNSELS' EYES ONLY") (hereinafter "Confidentiality Legend") to each page that contains protected material.

   A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "OUTSIDE COUNSELS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the Confidentiality Legend to each page of the document containing Protected Material.

      2.   <u>For testimony given in depositions</u>: that the Designating Party designate any testimony or exhibits CONFIDENTIAL or OUTSIDE COUNSELS' EYES ONLY either on the record before the close of the deposition or in writing on or before the later of thirty (30) days after receipt of the final transcript or the date by which any review by the witness and corrections to the transcript are to be

7

PROTECTIVE ORDER
Case Nos. 2:19-CV-09051-THJ-AS;
2:19-CV-03597-TJH-AS

completed under Federal Rule of Civil Procedure 30.  If any portion of a deposition is designated, the transcript shall be labeled with the appropriate Confidentiality Legend.  If any portion of a videotaped deposition is designated, the original and all copies of any videotape, DVD, or other media container shall be labeled with the appropriate Confidentiality Legend.  Pending designation as set forth above, the entire transcript, including exhibits, shall be deemed CONFIDENTIAL, unless exhibits or testimony are identified on the record during the deposition as OUTSIDE COUNSELS' EYES ONLY, in which case the entire transcript, including exhibits, shall be deemed OUTSIDE COUNSELS' EYES ONLY.  If no designation is made within the time periods above, the transcript shall be considered not to contain any CONFIDENTIAL or OUTSIDE COUNSELS' EYES ONLY information.

Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Order without the need for re-designation.  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent and deponent's counsel, any person who is not authorized by this Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

3. <u>For information produced in some form other than documentary and for any other tangible items</u>: that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "OUTSIDE COUNSELS' EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**C. Inadvertent Failure to Designate**.  If timely corrected after learning of an inadvertent failure to designate qualified information or items as CONFIDENTIAL or OUTSIDE COUNSELS' EYES ONLY, such an inadvertent

8

PROTECTIVE ORDER
Case Nos. 2:19-CV-09051-THJ-AS;
2:19-CV-03597-TJH-AS

failure does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  In the event the Receiving Party already shared such material with a third party or individual inconsistent with the corrected designation, the Receiving Party, after receiving the Designating Party's corrected designation, must promptly (i) notify in writing the Designating Party, (ii) inform the third party or individual of the confidential nature of such material, (iii) request the third party or individual execute the 'Acknowledgment and Agreement to Be Bound' that is attached hereto as Exhibit A, and (iv) use its best efforts to retrieve such material and/or confirm the third party or individual destroys any copy or copies of such material in its possession.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

**A. Timing of Challenges.**  Any Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

**B. Meet and Confer.**  The Challenging Party shall initiate the dispute resolution process under Local Civil Rule 37-1.

**C. Judicial Intervention.**  If the parties cannot resolve a challenge to a confidentiality designation, the Challenging Party can seek judicial intervention in accordance with Local Civil Rule 37 *et seq*.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

9

PROTECTIVE ORDER
Case Nos. 2:19-CV-09051-THJ-AS;
2:19-CV-03597-TJH-AS

## VII. ACCESS TO AND USE OF PROTECTED MATERIALS

**A. Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with these Actions only for prosecuting, defending, or attempting to settle these Actions, or in connection with a request by a governmental agency. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When these Actions have been terminated, a Receiving Party must comply with the provisions of Section XIII below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**B. Disclosure of Confidential Information.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any Confidential Information only to:

(a) the Receiving Party's Outside Counsel of record in these Actions at Latham & Watkins and O'Melveny & Myers, as well as associates, paralegals, and other support staff of said Outside Counsel to whom it is reasonably necessary to disclose the information for these Actions;

(b) the In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for these Actions who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) with respect to Confidential Information disclosed to Radio Music Licensing Committee, Inc., William Velez, who will sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) with respect to Confidential Information disclosed to Global Music Rights, LLC, Patrick Sabatini and Kam Naderi, who will sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A)

(e) Experts (as defined in this Order) of the Receiving Party to whom

10

disclosure is reasonably necessary for these Actions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the Court and its personnel;

(g) court reporters and their staff;

(h) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for these Actions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(i) the author or recipient of a document containing the information, or a custodian or other person who it is apparent from the face of the document containing the information already possessed the information;

(j) during their depositions, witnesses who authored or received the document containing the information, to whom disclosure is reasonably necessary and who it is apparent from the face of the document containing the information already possessed the information or who the Receiving Party has established at deposition is likely to possess or know of the information through foundational questions posed prior to disclosing the document to the deponent, and attorneys for such witnesses, in these Actions to whom disclosure is reasonably necessary, provided the deposing party requests that the witness sign the form attached as Exhibit A hereto. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(k) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**C.** **Disclosure of Outside Counsels' Eyes Only Information.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any Outside Counsels' Eyes Only Information only to:

11

PROTECTIVE ORDER
Case Nos. 2:19-CV-09051-THJ-AS;
2:19-CV-03597-TJH-AS

(a) the Receiving Party's Outside Counsel of record in these Actions at Latham & Watkins and O'Melveny & Myers, as well as associates, paralegals, and other support staff of said Outside Counsel to whom it is reasonably necessary to disclose the information for these Actions;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for these Actions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that such Experts are not current employees, consultants, independent contractors of a competitor of the Designating Party;

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for these Actions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information, or a custodian or other person who it is apparent from the face of the document containing the information already possessed the information; and

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**D.    No Effect on Party's Own Use**.  A Designating Party's designation of information as Protected Material shall not affect its own right to use any information so designated.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER PROCEEDINGS

If a Party is served with a subpoena, compulsory process from the Department of Justice or Federal Trade Commission, or a court order issued in other proceedings that compels disclosure of any Protected Materials in these Actions, that Party must:

12

(a) within no more than three business days notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) within no more than three business days notify in writing the party who served the subpoena or compulsory process from the Department of Justice or Federal Trade Commission, or who caused the order to issue in the other proceeding that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

Under no circumstances, shall the Party served with the subpoena produce any Protected Materials prior to providing written notice to the Designating Party and a reasonable opportunity for the Designating Party to seek a protective order. If the Designating Party seeks a protective order, the Party served with the subpoena, compulsory process from the Department of Justice or Federal Trade Commission, or court order shall not produce any Protected Material before a determination by the applicable court of the propriety of such protective order, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

## IX. NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to Protected Materials produced by a Non-Party in these Actions. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is

13

subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    (2) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## X. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A; and (e) confirm that the third

14

party or individual destroys any copy or copies of such material in its possession.

## XI. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection against disclosure, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), the inadvertent disclosure of a communication or information covered by the attorney-client privilege or work product protection does not effect a waiver in connection with these Actions or any other federal or state proceeding.

## XII. MISCELLANEOUS

**A. Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**B. Right to Assert Other Objections.** By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

**C. Filing Protected Material.** A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

15

## XIII. FINAL DISPOSITION

After the final disposition of these Actions, as defined in Section IV (DURATION), within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section IV (DURATION).

## XIV. PENALTIES

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

1  DATED: November 1, 2019              Respectfully submitted,

                                        By: */s/ Daniel M. Petrocelli*
                                        O'MELVENY & MYERS LLP
                                        *Counsel for Global Music Rights, LLC.*
                                        By Daniel M. Petrocelli

6  DATED: November 1, 2019              By: */s/ Jennifer Giordano*
                                        LATHAM & WATKINS LLP
                                        *Counsel for Radio Music License Committee, Inc.*
                                        By Jennifer Giordano

FOR GOOD CAUSE SHOWN, IT IS ORDERED.

   DATED: November 4, 2019


   _____/ s /_____
   Honorable Alka Sagar
   United States Magistrate Judge

17

## ATTESTATION

Pursuant to C.D. Cal. Local Rule 5-4.3.4(a)(2)(i), I, Daniel M. Petrocelli, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized such filing.

/s/ *Daniel M. Petrocelli*
Daniel M. Petrocelli

# **EXHIBIT A**

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury under the laws of the United States and California that:

    1. My address is _____
_____

    2.    I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Protective Order in the matter *Global Music Rights, LLC v. Radio Music License Committee, Inc.*, pending before Hon. Terry J. Hatter in the Federal District Court of the Central District of California, Western Division; that I will not use or disclose to anyone any of the contents of any Protected Material received under the protection of the Protective Order except in accordance with the Protective Order; that I will comply with and be bound by the terms and conditions of the Protective Order; and that I hereby submit to the jurisdiction of the Federal District Court of the Central District of California for the purposes of enforcement of the Protective Order, even if such enforcement proceeding occurs after termination of these Actions.

    3.    I understand and agree that, pursuant to the Protective Order, I am required to and will maintain all Protected Materials in a secure and safe location and shall exercise due and proper care with respect to the storage, custody, use, and disposal of all Protected Material, so as to prevent unauthorized or inadvertent disclosure. I further understand and agree that all Protected Materials are to remain in my custody until they are to be returned or destroyed as specified in the Protective Order. I acknowledge that return or destruction does not relieve me from any of the continuing obligations imposed on me by the Protective Order.

Dated: _____        _____
                                                                                (Signature)