LATHAM & WATKINS LLP
  Margaret M. Zwisler (*pro hac vice*)
    margaret.zwisler@lw.com
  Jennifer L. Giordano (*pro hac vice*)
    jennifer.giordano@lw.com
555 Eleventh St. NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200
Facsimile: +1.202.637.2201

  Andrew M. Gass (Bar No. 259694)
    andrew.gass@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: + 1.415.395.8095

Attorneys for RADIO MUSIC LICENSE COMMITTEE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADIO MUSIC LICENSE COMMITTEE, INC., <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL MUSIC RIGHTS, LLC, <br><br> Defendant. <br><br> *and* <br><br> GLOBAL MUSIC RIGHTS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> RADIO MUSIC LICENSE COMMITTEE, INC. and DOES 1 through 3,000, <br><br> Defendants. | Case Nos.  2:19-cv-03957-TJH-AS <br><br>              2:16-cv-09051-TJH-AS <br><br> **[PROPOSED] ORDER GRANTING RADIO MUSIC LICENSE COMMITTEE, INC.'S MOTION FOR REVIEW AND OBJECTIONS TO MAGISTRATE JUDGE'S MEMORANDUM OPINION AND ORDER DENYING RADIO MUSIC LICENSE COMMITTEE'S MOTION TO COMPEL** <br><br> Hearing: February 24, 2020 <br> Time:  UNDER SUBMISSION <br> Place: Courtroom #9B <br><br> Fact Discovery Cut-Off: March 2, 2020 <br> Pre-Trial Conference: October 19, 2020 <br> Trial Date: TBD |

Based upon the Motion, Notice of Motion, and Memorandum of Points and Authorities objecting to Magistrate Judge's Order Denying Radio Music License Committee's Motion to Compel Responses to Requests for Production of Documents and Interrogatories (ECF No. 194 in RMLC's case, ECF No. 126 in GMR's case (the "Order")), it is HEREBY ORDERED that Radio Music License Committee's Motion is GRANTED:

1. This Court rejects as contrary to law the Order's conclusion that there is only one identical product market relevant to both cases. Order at 10 ("RMLC has consistently asserted that terrestrial radio stations are *the* relevant market.") (emphasis added); *id.* at 9 ("Thus, while GMR and RMLC may dispute whether the *sellers* in *the* relevant market are PROs generally or GMR by itself, they agree that the *buyers* are terrestrial radio stations.") (emphasis added). The appropriate contours of the legally cognizable relevant market in each case are fact-intensive merits issues that have not been referred to the Magistrate for a recommendation.

2. This Court rejects as clearly erroneous the Order's conclusions that (1) "RMLC has consistently asserted that terrestrial radio stations are *the* relevant market" for purposes of both cases (Order at 10) and (2) RMLC "agree[s] that the *buyers* are terrestrial radio stations" for purposes of the market the GMR alleges for its buyer-cartel/monopsony claim (*id.* at 9). No evidence before the Court supports these conclusions.

3. This Court rejects as clearly erroneous the Order's conclusion that discovery into GMR's license sales to non-radio entities is irrelevant to the market that GMR alleges in its complaint. Order at 8, 10, 11. Such discovery is relevant to determine the buyers that are viewed by sellers of licenses as reasonably good substitutes for terrestrial radio stations.

4. This Court rejects as clearly erroneous the Order's conclusion that discovery into GMR's license sales to non-radio entities is irrelevant to GMR's allegations of anticompetitive effect. Order at 10. GMR's complaint plainly alleges

that RMLC has "artificially depressed the rates radio stations pay" to PROs and that "[o]ther media distributors such as streaming services . . . pay substantially more of their revenue share to perform these same works." GMR's FAC ¶ 8; *see also id.* at ¶ 34. RMLC is entitled to discovery about these alleged facts.

5. To the extent it has not yet done so, within the next 7 days, GMR is directed to produce its initial set of non-radio discovery—15 to-be-agreed-upon license agreements with non-radio entities and aggregate-level revenue data for non-radio music users—so that RMLC can review those materials to determine whether it needs additional information.

**IT IS SO ORDERED.**

Dated: _____    _____
Honorable Terry J. Hatter, Jr.
United States District Judge

2