# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| GLOBAL MUSIC RIGHTS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>RADIO MUSIC LICENSE COMMITTEE, INC.,<br><br>    Defendant. | CV 16-09051 TJH (ASx)<br><br>**Order**<br><br>[95,128] |

    The Court has considered Defendant Radio Music License Committee, Inc.'s ["RMLC"] motion for judgment on the pleadings and Movant National Association of Broadcaster's ["NAB"] motion for leave to file an *amicus curiae* brief, together with the moving and opposing papers.

    Plaintiff Global Music Rights, LLC ["GMR"] filed a First Amended Complaint ["FAC"] alleging that RMLC violated: (1) Section 1 of the Sherman Act, 15 U.S.C. § 1; (2) California's Cartwright Act, Cal. Bus. & Prof. Code § 16720; and (3) California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*

    On July 11, 2019, RMLC moved for judgment on the pleadings. Months after

the briefing schedule closed on RMLC's motion, on December 5, 2019, the Government filed a Statement of Interest, pursuant to 28 U.S.C. § 517. In partial response to the Government's Statement of Interest, NAB moved to file an *amicus curiae* brief.

The Court, now, considers NAB's motion for leave to file an *amicus curiae* brief and RMLC's motion for judgment on the pleadings.

The Court has broad discretion to allow an *amicus curiae* brief to be filed. *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982). An organization or individual seeking to appear as *amicus* must show that its participation is useful to, or otherwise desirable to, the Court. *See In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. Oct. 7, 1991). Accordingly, the Court will allow NAB to file its *amicus* brief.

A motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), is functionally identical to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and, therefore, the same standard applies to both motions. *See Baiul v. NBC Sports, a division of NBCUniversal Media, LLC*, 732 F. App'x. 529, 531 (9th Cir. 2018). Accordingly, the Court must consider whether the FAC contained enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A plaintiff cannot simply restate the elements of his claim, but, rather, must allege enough facts to allow the Court to draw a reasonable inference that a defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all allegations in a complaint as true and draw all reasonable inferences from those allegations. *See Iqbal*, 556 U.S. at 678.

Here, GMR alleged sufficient facts to state a claim for each of its three claims. *See Iqbal*, 556 U.S. at 678. However, whether GMR can, ultimately, prove its claims is not a proper consideration at this juncture.

Accordingly,

**It is Ordered** that the National Association of Broadcaster's motion for leave to file an *amicus curiae* brief be, and hereby is, **Granted**.

**It is further Ordered** that the motion for judgment on the pleadings be, and hereby is, **Denied**.

Date: February 13, 2020

_____
Terry J. Hatter, Jr.
Senior United States District Judge